The order below is hereby signed:

Signed: January 10 2012



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JO-NA CORPORATION, | ) | Case No. 85-00380 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING APPLICATION
FOR RELEASE OF UNCLAIMED FUNDS WITHOUT PREJUDICE

On December 23, 2011, Cathy Sedlacek-Lewis d/b/a Nationwide Judgment Recovery ("Nationwide"), as the alleged assignee of a claim previously held by Office Electronics, filed an application for release of unclaimed funds in the amount of $1,186.90.  On September 10, 1990, the chapter 7 trustee deposited the unclaimed dividend in question into the court's registry pursuant to 11 U.S.C. § 347(a), and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042.

An affidavit of Wayne Seminoff of Office Electronics attached to the application purports to assign to Nationwide a "debt" listed as owed by Jo-Na Corporation with an unpaid balance of $1,186.90 constituting "Unclaimed Funds."  The affidavit fails to identify this case as the case in which the unclaimed funds

are held.  The affidavit, therefore, is inadequate to constitute proof under Fed. R. Bankr. P. 3001(e) that the claim filed by Office Electronics in this case, which gave rise to the $1,186.90 dividend, has been assigned to Nationwide.[1]

More importantly, absent a showing by Nationwide that the debt once payable to Office Electronics has not been previously satisfied, the court will not grant the requested relief.  The burden is on Nationwide to demonstrate that it, as assignee of Office Electronics, is entitled to the funds sought.  *Hansen v. United States*, 340 F.2d 142, 144 (8th Cir. 1965).  Although the record before the court demonstrates that Office Electronics was at one time entitled to the funds, Nationwide, as assignee of Office Electronics' claim, has not demonstrated a present entitlement.  The court will require pursuant to 28 U.S.C. § 2042 that the withdrawal of the funds and payment to Nationwide be ordered only upon a demonstration by Nationwide of a present right to the funds.  *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

Nationwide's application states that the dividend check was

---

[1] If Nationwide wishes to file adequate proof of the assignment of Office Electronics' claim, it may wish to utilize Procedural Form 210A found on the U.S. Courts' website, at www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx.  Most "fund locators" do not take an outright assignment, and instead recover the funds for the claimant (via a check made payable to the claimant) and take compensation from the claimant for having found the funds.  In that circumstance, no proof of assignment is involved.

2

not cashed because the funds were sent to the wrong address, but Nationwide's representative is not in a position to have personal knowledge that this is the reason the dividend check went uncashed, and Wayne Seminoff's affidavit does not address the issue.[2] Nationwide treats the unclaimed funds as owed because never received, but Office Electronics (and Nationwide as its assignee) is entitled to the unclaimed funds only if the debt that Jo-Na Corporation owed Office Electronics is still owed to Office Electronics.  Even if the court accepts Nationwide's certification that the distribution check was not received and went uncashed because it was sent to the wrong address, that certification does not demonstrate a present-day entitlement to the funds.

More than twenty years have passed since the unclaimed funds were deposited.  The application does not show that the debt owed by the debtor to Office Electronics was not paid from some other

---

[2] Mr. Seminoff's affidavit identifies an account number and asserts an unpaid balance of exactly $1,186.90, the same amount as the uncashed dividend check.  If there are no records relating to this account, the court is curious as to what source Mr. Seminoff consulted to ascertain that the balance owed is $1,186.90.  In the typical chapter 7 case, the *pro rata* distribution made to most creditors is far less than the actual amount of the debt.  It would thus be unusual to find that the trustee had issued a distribution check to Office Electronics in an amount equal to the asserted claim.  Mr. Seminoff's affidavit lists an account number, and thus suggests he had some account record relating to the debt.  If an amended application is filed, the applicant should submit any available account records relating to the underlying debt.

source during those intervening years.  For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt.  Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien.  The fact that the claimant did not receive the funds from the trustee does not preclude the possibility that the debt was satisfied by other means, and if Office Electronics' claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Nationwide is no longer entitled, as assignee of the claim, to the funds.  *See Willametz*, 489 F.2d at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Any overpayment that might result from payment of the unclaimed funds to Nationwide is not simply a matter to be resolved by Nationwide and the debtor.  Instead, § 2042 requires that the court determine Nationwide's entitlement to the funds.[3]

---

[3]   28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money."  Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court.  *Hansen*, 340 F.2d at 144.  The court does not address which entity or entities are entitled to the funds in the event that Nationwide is not entitled to the funds.  Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.

It is thus

ORDERED that the application for release of unclaimed funds (Electronic Docket Entry No. 2) is DENIED without prejudice to the filing of an amended application demonstrating Nationwide's present day entitlement to the unclaimed funds.

                                                [Signed and dated above.]

Copies to:

Debtor; Chapter 7 Trustee; Office of United States Trustee;

Cathy Sedlacek
d/b/a Nationwide Judgment Recovery
P.O. Box 84
Cherryville, NC 28021

Office Electronics
Attn: Wayne Seminoff
13715 Bel-Red Rd.
Suite B
Bellevue, WA 98005

Office Electronics
c/o Furst & Furst
Box 3333
Rochelle Park, NJ 07662